Shaw C. J.
afterward drew up the opinion of the Court. On the trial of the issue in this case, the mortgage deed, *285 which had been duly executed, acknowledged and recorded, was read, and purported to carry the entire estate. It was contended in behalf of the defendant, that' the mortgage was intended and understood by all the parties to be a mortgage of one moiety only, and that the deed was drawn so as to include the entire estate by mistake ; and parol evidence was offered to satisfy the jury that such was the fact. As no other defence was relied on, the judge permitted the evidence to go to the jury, intending to reserve the question of its admissibility for the consideration of the Court. It was accordingly given, together with some evidence on the part of the demandant, tending to show that there was no mistake in the deed, and that the moiety in controversy was intended to be included, as security for the mortgage debt. The question is whether this evidence ought to have been admitted. The question has been argued and several authorities been cited on both sides. The ¿eneral rule unquestionably is, that parol evidence is not admissible to enlarge, restrain or control the plain legal operation of an instrument in writing ; and this rule is particularly applicable to a conveyance* of real estate, which is required by statute to be by deed, duly executed, acknowledged and recorded, and which is not only to stand as the evidence of title between the parties, their respective grantees and representatives; but which is to be placed on record, for the information and government of all those who have an interest in obtaining the most authentic information in regard to such title. The Court can perceive no intelligible ground, in the circumstances of the present case, upon which to regard it as an exception to a general rule, so salutary and so firmly established. Without attempting to review the cases, in which this question has been discussed, a question rendered more complicated by the conflicting decisions of different States, the Court are unanimous in the opinion, that in this case it was not competent for the tenant to show by mere parol evidence, that the mortgager did not intend to convey that which his deed plainly includes. The order of the Court therefore is, that the verdict be set aside, and a new trial granted.[1]

 See Child v. Wells, 13 Pick. 121 ; Harvey v. Newton, 7 Pick. 29; Webb v. Roberts, 11 Wendell, 426; Snyder v. Snyder, 6 Binney, 426 ; Gittings v. *286 Hall, 1 Harr. & Johns. 14; Beeson v. Hutchinson, 4 Watts, 442; Spring v. Lovett, 11 Pick. 417; Miller v. Travers, 8 Bingh. 244 ; Lincoln v. Avery, 1 Fairfield, 418. Nor can it be shown in this way that by mistake one tract was inserted in a deed instead of another. Bell v. Morse, 6 N. Hamp R. 205; or that one course in a deed was inserted instead of another. Linscott v. Fernald, 5 Greenleaf, 496; or that by a line named in a deed presumed to be a straight line, a curved line was in fact intende i Allen v. Kingsbury, 16 Pick. 235.